IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **COURTNEY PARKER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00568 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CORRECTIONAL OFFICER KEEN, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Courtney Parker, Pro Se Plaintiff.*

The plaintiff, Courtney Parker, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. Parker alleges that Virginia prison officials have disregarded his safety and caused him injury through deliberate indifference in connection with a vehicle accident. After review of Parker's submissions, I conclude that this action must be summarily dismissed.

I.

Parker makes the following statement of facts on which he bases his claims under § 1983:

> On 05-11-16, between approximately 4:30 a.m. to 6:30 a.m., I was being transferred from Keen Mountain Correctional Center. . . . I was handcuffed and shackled to be transferred. . . . I made a statement to the driver of the tansport [sic] vehicle, (Defendant Keen), about the bus not having seat belts, for which he stated that I will be "alright," that I "don't need no seat belt, I will need a bag to throw up in

though." I reached my seat and was sitting on the left side of the bus, the seat closest to the aisle. During the transport, the bus came to an instant stop, where I heard a hug [sic] crashing sound while at the same time being thrown from my seat to the floor of the bus, hitting my head and neck area on the metal part of the seat attachment. After gathering myself from the dizziness and pain I was feeling, I got up to look at what happened and seen that the bus had ran into the back of a parked van at Bland Correctional Center where we were supposed to change transportation vehicles. After the accident I instantly reported to the bus driver that I was thrown from the seat and hit my head and neck on the landing. I was told that I would be okay. I was then told to get off the bus to change vehicles, and the driver of the . . . bus simply left us there without reporting the accident or my injuries. I then was put on the River North Correctional Center bus where I instantly told that bus driver of what happen and the pain I was feeling and was assured that I would receive medical attention upon arrival at River North. I suffered serious migranes [sic] and dizziness the entire ride to River North Correctional Center where after I arrived, I again reported my pain and the injuries I had suffered from the bus accident. Medical staff eventually spoke to me about the pain and what had happened and I was given pain medication and an appointment to get an x-ray taken. Ever since this incident, I have been having daily migranes [sic] that are unbearable at times, constant pain in my neck and back, and when I am asleep, if I am laying a certain way, the whole right side of my body goes numb to the point I cannot feel or move my arm or hand for long periods after waking up. Since the accident I have been put on ibuprofen and tydel, (a muscle relaxer), for the intense pain I have been having.[1]

Compl. 3-4, ECF No. 1. Parker alleges deliberate indifference to his safety and his medical needs, in violation of the Eighth Amendment. Specifically, he contends that Keen Mountain Correctional Center staff caused the accident and River North

---

[1] Parker's submissions include a "RADIOLOGY RESULTS" form, dated May 24, 2016. The radiology order section of the form is marked "Shoulder," and the results section states: "Your Radiology results have returned and have been reviewed by the doctor and <u>were within normal limits</u>. No follow up is required at this time." V.S. Ex., at 14, ECF No. 2.

Correctional Center staff provided negligent medical treatment because of the time it took them to treat him after he reported his injuries to them. As defendants, Parker names Officer Keen, D. Wells, and B. Walls, Institutional Ombudsman. He seeks monetary and injunctive relief.

II.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Thus, a § 1983 plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

The Complaint mentions the names of defendants Wells and Walls only in the heading of the Complaint form. Parker does not state any facts concerning specific actions either of these defendants undertook, personally, in violation of his constitutional rights. Because Parker does not show that each of these defendants, through his or her own "individual actions [or inactions], has violated the Constitution" or caused others to violate it, he fails to state any actionable § 1983

claim against Wells and Walls.  *Id.* at 676.  Accordingly, his § 1983 claims against them must be dismissed under § 1915A(b)(1).[2]

Parker's Complaint also states no constitutional claim against Officer Keen for his actions.  To state a prima facie § 1983 claim that a

> prison condition[ ] violate[d] the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. . . . [T]he first showing requires the court to determine whether the deprivation of the basic human need was *objectively* sufficiently serious, and the second requires it to determine whether *subjectively* the officials acted with a sufficiently culpable state of mind.

*Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation marks and citations omitted).  For purposes of this opinion, I will assume from Parker's allegations about his injuries in the bus accident and seemingly related pain thereafter that he has stated a sufficiently serious deprivation to satisfy the first facet of the Eighth Amendment standard.

Under the second facet of that standard, however, Parker falls short.  In a conditions claim, a "'sufficiently culpable state of mind'" requires demonstrating deliberate indifference — by stating facts showing that the defendant knew a

---

[2] In any event, I do not find any constitutionally significant claim against anyone arising from Parker's allegations concerning allegedly negligent medical care.  *See, e.g, Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished) ("Put simply, negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference" as required to state Eighth Amendment claim regarding prison medical care).

particular action or condition presented a substantial or excessive risk of serious harm and, nevertheless, failed to take "reasonable measures" to alleviate that risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994) (citation omitted). An official's merely negligent action is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

Parker first complains that Officer Keen ignored a risk of harm by transporting him without a seatbelt. Multiple courts have held that transporting inmates "without a seatbelt does not, standing alone, give rise to a constitutional claim." *Jabbar v. Fischer*, 683 F.3d 54, 57-58 (2d Cir. 2012) (citing cases). In *Jabbar*, the court held that merely "the absence of seatbelts on inmate bus transport is itself not an excessive risk," and thus cannot support a plausible claim of deliberate indifference. *Id.* at 58.

Even considering Officer Keen's allegedly less than careful driving jointly with denial of seatbelts, these facts do not support any claim of constitutional significance. Such allegations of mere negligence are not actionable under § 1983. *See, e.g., Vinson v. U.S. Marshals Serv.*, No. 0:10-79-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011) (finding failure to seatbelt prisoners, combined with

speeding or reckless driving, is still mere negligence and not constitutional violation); *Young v. Hightower*, No. 04-10309, 2007 WL 2214520, at *6 (E.D. Mich. July 27, 2007) ("Refusing to seat belt a prisoner during transport and then exceeding the speed limit does not constitute an 'excessive risk to inmate health or safety.'") (quoting *Farmer*, 511 U.S. at 837); *Jones v. Collins*, Civil No. 05-663-JPG, 2006 WL 1528882, at *2 (S.D. Ill. June 1, 2006) (stating that allegations of "reckless driving or the failure to fasten seatbelt . . . present, at best, claims of negligence, but a defendant can never be held liable under § 1983 for negligence").

### III.

For the stated reasons, I must summarily dismiss Parker's Complaint under § 1915A(b)(1) for failure to state claims actionable under § 1983.

A separate Order will be entered herewith.

DATED: April 4, 2017

/s/ James P. Jones
United States District Judge